UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CAVNESS,<br><br>    Petitioner,<br><br>    v.<br><br>VICKI HENNESSEY,<br><br>    Respondent. | Case No. 16-cv-03300-RS (PR)<br><br>**ORDER REOPENING ACTION;**<br><br>**ORDER TO SHOW CAUSE BY NOVEMBER 1, 2016 WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION** |

This federal habeas action was dismissed because petitioner failed to file an amended petition by the deadline. He since has filed an amended petition. Accordingly, the action is REOPENED. The Clerk shall modify the docket to reflect this. The judgment (Docket No. 5) and the order of dismissal (Docket No. 4) are VACATED.

Petitioner seeks federal habeas relief from his 1999 state conviction for dissuading a witness from testifying, a violation of California Penal Code § 136.1(A)(2). For this conviction, he received a sentence of 2 years. Because it is more than 17 years after this sentence was imposed, it is unlikely that petitioner is still in custody for this offense.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court

supervision is not "in custody" for the purposes of this Court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

The custody requirement does not mandate that a prisoner be physically confined. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner who is on parole at the time of filing is considered to be in custody, *see Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963) and *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). Custody is found where the sentence imposed significantly restrains petitioner's liberty, *see*, e.g., *Dow v. Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to fourteen-hour alcohol abuse rehabilitation program sufficient to place petitioner in custody), but not where only a fine is imposed, *see Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (sentence which only imposes fine not enough to satisfy custody requirement even if petitioner faces imprisonment for failure to pay).

It appears petitioner is not in custody under the state court judgment for the 1999 conviction. If this is true, this Court lacks jurisdiction over his habeas petition.

**Accordingly, petitioner is ordered to show cause on or before November 1, 2016 why the petition should not be dismissed for lack of jurisdiction.**

**No extensions of time will be granted.** If petitioner fails to respond to this order to show cause, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

Dated: September 21, 2016

_____
RICHARD SEEBORG
United States District Judge